IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RASHEEN JOHNSON,                    :        CIVIL NO. 1:CV-08-1989
                    Petitioner,     :
                                    :            (Chief Judge Kane)
            v.                      :
                                    :
WARDEN BRYAN BLEDSOE,               :
                    Respondent      :

**M E M O R A N D U M**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed

by Rasheen Johnson, an inmate currently confined at the United States Penitentiary at

Lewisburg, Pennsylvania.  In the petition, Johnson maintains that the Bureau of Prisons ("BOP")

has failed to credit his federal sentence for time spent in a federal detention center between

January 13, 2003, and December 18, 2003.  The petition has been briefed, and is ripe for

disposition.  For the reasons that follow, the petition will be denied.

I.      **Background**

Petitioner was arrested on September 15, 2001, by the St. Louis, Missouri Police

Department for Unlawful Use of a Firearm.  On September 17, 2001, he was released on bond

from the custody of Missouri authorities, and the state firearms charge was nolle prosed.  (Doc.

No. 8, Resp., Ex. 1, Hazelton Decl. ¶¶ 5, 6.)  On October 17, 2001, Petitioner was arrested by

state authorities on a parole violation warrant issued by the Missouri Department of Probation

and Parole, and was taken into state custody as a result of this violation.[1]  (Id. at ¶ 7.)

---

[1]  As a result of this parole violation, Petitioner remained in the primary custody of the
state of Missouri until he was re-released on parole on June 1, 2004, to federal custody.  (Id.,
Attach. B.)

On January 10, 2002, Petitioner was indicted in the United States District Court for the Eastern District of Missouri for the federal offense of Felon in Possession of a Firearm.  (Doc. No. 1, Hazelton Decl., Attach. D.)  On January 8, 2003, he was transferred from the custody of the Missouri Department of Corrections to the custody of the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum for proceedings on the federal charge.  (Id., Attach. C.)  On October 2, 2003, Petitioner was found guilty of the federal firearms charge, and thereafter sentenced on December 18, 2003, to ninety (90) months incarceration for violating 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm.  (Id., Attach, D.)  The federal sentencing court recommended that Petitioner's sentence commence immediately, meaning that the federal sentence would run concurrently with his Missouri state parole violator term.  (Id.)  Further, the Missouri Department of Corrections was designated the place of Petitioner's confinement for the purpose of his federal sentence.  (Id., Attachs. D, G.)

On January 14, 2004, Petitioner was returned to the custody of the Missouri Department of Corrections in satisfaction of the writ of habeas corpus ad prosequendum.  He remained in state custody until he was re-released on parole to federal custody on June 1, 2004.  (Doc. No. 8, Hazelton Decl. ¶7, Ex. B.)  On June 25, 2004, Petitioner was taken into custody by the United States Marshal, and thereafter released into the custody of the BOP.  He was thereafter redesignated by the BOP to the Federal Correctional Institution in Greenville, Illinois.

Petitioner filed the instant habeas corpus petition on November 3, 2008.  In the petition, he seeks credit toward his federal sentence for the period from January 13, 2003, through December 17, 2003.

2

**II.**     <u>**Discussion**</u>

The Attorney General has delegated to the Bureau of Prisons the authority to compute

federal sentences for offenses committed on or after November 1, 1987.  See 18 U.S.C. § 3585;

28 C.F.R. § 0.96 (1992); United States v. Wilson, 503 U.S. 329, 334-35 (1992); United States v.

Brann, 990 F.2d 98, 103-04 (3d Cir. 1993).  Computation of a federal sentence is governed by 18

U.S.C. § 3585, and is comprised of two factors: (1) the date on which the federal sentence

commences, and (2) the extent to which credit may be awarded for time spent in custody prior to

the commencement of the sentence.

Section 3585 provides as follows:

(a)     Commencement of sentence. - A sentence to a term of imprisonment
commences on the date the defendant is received in custody awaiting
transportation to, or arrives voluntarily to commence service of sentence
at, the official detention facility at which the sentence is to be served.

(b)     Credit for prior custody. - A defendant shall be given credit toward the
service of a term of imprisonment for any time he has spent in official
detention prior to the date the sentence commences -

(1) as a result of the offense for which the sentence was imposed;
or
(2) as a result of any other charge for which the defendant was
arrested after the commission of the offense for which the sentence
was imposed;

<u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585(a), (b) (emphasis added).

BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and

the provisions of 18 U.S.C. § 3585(a) clearly provide that a federal sentence of imprisonment

cannot commence earlier than the date it was imposed.  (Doc. 7, Resp., Ex. 1, Hazelton Decl.,

Attach. E.)  In addition, the last clause of § 3585(b) provides that time spent in custody cannot be

credited toward a federal sentence if it was used to satisfy a non-federal sentence.  The United States Supreme Court has made clear that inmates are not allowed to "double count" credit. Wilson, 503 U.S. at 337.

There are three ways that an inmate can accrue federal jail credit.  See Stackpole v. Williamson, No. 3:07-0396, 2007 WL 2207866, at *3 (M.D. Pa. July 30, 2007).  The first is credit for time spent in custody while actually serving a federal sentence.  The second is credit for prior custody under § 3585(b).  The third is credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer.

In the instant case, Petitioner seeks credit for the time period of January 13, 2003, through December 17, 2003.  During this period Petitioner was produced from state custody pursuant to a federal writ of habeas corpus ad prosequendum to answer the federal charges.  It is well established that a federal sentence does not begin to run when a federal defendant is produced from state custody pursuant to a federal writ of habeas corpus ad prosequendum.  See Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa. 1996).  When a prisoner is in federal custody via a writ ad prosequendum, the state is still the primary custodian "unless and until the first sovereign relinquishes jurisdiction over the prisoner."  Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000).

Petitioner's federal sentence commenced on December 18, 2003, the date it was imposed. At that time, he was under the primary jurisdiction of Missouri as he had only been "borrowed" by the federal government pursuant to the writ to attend the federal proceedings.  Because the time spent on the writ has already been credited to Petitioner's state parole violation term, he cannot receive credit for the same time period toward service of his federal sentence.  Prior

custody credit cannot be granted if the prisoner has received credit towards another sentence.
See Rios, 201 F.3d at 272; Tisdale v. Menifee, 166 F. Supp. 2d 789, 792 (S.D. N.Y. 2001).
"Double credit" is strictly prohibited by the statutory bar set forth in § 3585(b).

A prisoner who is in non-federal custody at the time of his federal sentencing may begin
service of the federal sentence prior to arrival at a designated federal facility if the sentencing
court designates a non-federal facility for service of the federal sentence.  See BOP Program
Statement 5160.05, Designation of State Institution for Service of Federal Sentence, and 18
U.S.C. § 3621.  This is precisely what occurred in the instant case when the federal sentencing
court designated the Missouri Department of Corrections as the place of Petitioner's confinement
for purposes of his federal sentence.  (Doc. No. 8, Ex. 1, Hazelton Decl. ¶ 11, Attach. D.)  As
such, Petitioner's federal sentence did not begin to run until December 18, 2003.  Because the
sentence was imposed on said date, Petitioner got credit for December 18, 2003 toward his
federal sentence.  (Id. at ¶ 19.)

The remaining time period in question, from January 13, 2003 through December 17,
2003, was credited toward Petitioner's Missouri parole violator sentence.  This is confirmed by
Judy Martin, Records Officer with the Missouri Department of Corrections.  (Id.)  Because this
time period has already been credited toward the state sentence, 18 U.S.C. § 3585(b) prevents
Petitioner from receiving credit for the same period toward his federal sentence.

In his traverse Petitioner argues that the state of Missouri did not retain primary custody
of him when he was transferred pursuant to the writ of habeas corpus ad prosequendum because
he was housed at a federal detention center to attend proceedings on the federal charges.  This
argument is clearly without merit as previously discussed.  See Chambers, 920 F. Supp. at 622.

Petitioner also contends that his state case was dismissed pursuant to a successful habeas corpus petition he pursued.  As such, he argues that the time period for which he seeks credit must be credited to the federal sentence as Missouri did not have lawful jurisdiction over him.  In support of his argument, Petitioner attaches a copy of an Order /Judgment from the Circuit Court of St. Louis County, Missouri.  (Doc. No. 9, Ex. 1.)  This exhibit does not support Petitioner's position.  Rather, it merely verifies that a petition for writ of habeas corpus filed by Petitioner was granted on May 3, 2004, only to the extent that it <u>corrected</u> the sentence imposed on Petitioner at his probation revocation on April 31, 1999 in his underlying state cases to reflect concurrent seven (7) year terms.

This correction by the state court has no bearing on the instant case.  Petitioner was still in Missouri state custody on the parole violation term as reflected by the record, and the time period from January 13, 2003 through December 17, 2003 was credited to the state sentence.  Accordingly, the petition for writ of habeas corpus must be denied.  An appropriate order will follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RASHEEN JOHNSON,                  :        CIVIL NO. 1:CV-08-1989
                    Petitioner,   :
                                  :          (Chief Judge Kane)
              v.                  :
                                  :
WARDEN BRYAN BLEDSOE,             :
                    Respondent    :

## <u>ORDER</u>

**AND NOW,** this 18th day of December, 2008, for the reasons set forth in the

accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1.      The petition for writ of habeas corpus is **denied**.

2.      The Clerk of Court is directed to **close** this case.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania